UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROTECT OUR LAND AND RIGHTS
DEFENSE FUND,

    Plaintiff,

v.                                          Case No. 12-14161

ENBRIDGE ENERGY, LIMITED PARTNERSHIP,

    Defendant.
                                                     /

**ORDER GRANTING THE "MICHIGAN TOWNSHIPS ASSOCIATION'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF"**

The Michigan Townships Association ("MTA") moves for leave to file an *amicus curiae* brief in support of Plaintiff. The MTA is a Michigan non-profit corporation comprised of 1,234 Michigan townships. The MTA's proposed *amicus* brief argues that a company such as Defendant is required to obtain a township's consent pursuant to Mich. Const. art. VII, § 29, and Mich. Comp. Law § 247.183 prior to constructing a petroleum pipeline within or across a public road right-of-way within that township. Defendant opposes the motion, while Plaintiff's counsel was not informed of the motion with sufficient time to consult with its client and take a position.

Filing an *amicus* brief is a "privilege within the sound discretion of the courts." *United States v. State of Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the

parties are able to provide.

*Mich. Dep't of Transportation v. Detroit Int'l Bridge Co.*, No. 10-12334, at *3 (E.D. Mich. July 22, 2010) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).  "Otherwise, leave to file an amicus curiae brief should be denied."  *Ryan*, 125 F.3d at 1063.  *See also Flagg v. City of Detroit*, 252 F.R.D. 346, 360 n.28 (E.D. Mich. 2008) (explaining that leave to file an *amicus* brief should be granted when the brief "offers a unique perspective" and the party seeking leave to file the brief has an interest in a pending case that will be affected by the present case's resolution).

The MTA's proposed *amicus* brief does not present much new information.  Both Plaintiff and Defendant already discuss, in their respective briefs, whether Defendant is required to obtain municipal consent under Mich. Const. art. VII, § 29, and Mich. Comp. Laws § 247.183.  (Pl.'s Mot. Prelim. Inj. at 12–15, Dkt. # 4); (Def.'s Resp. Pl.'s Mot. Prelim. Inj. at 16–18, Dkt. # 22.)  However, the MTA's *amicus* brief does provide a more in-depth discussion of the complex issue than do the parties' briefs, and granting leave may assist the court.  In so holding, the court notes that it is extending the reach of its discretion beyond what might ordinarily be warranted.  Accordingly,

IT IS ORDERED that the "Michigan Townships Association's Motion for Leave to File Amicus Curiae Brief" [Dkt. # 17] is GRANTED.  The Michigan Township Association is DIRECTED to file their *amicus curiae* brief by October 29, 2012.

   s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2012, by electronic and/or ordinary mail.

                                             s/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522